DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a conviction for assaulting a peace officer and a medical technician rendered following a jury trial in the Wood County Court of Common Pleas. Because we conclude that there was sufficient evidence to support appellant's conviction, we affirm.
 {¶ 2} Appellant is Carolyn Ziegelhofer. On June 13, 2001, appellant's daughter arrived at their Perrysburg Township home to find her mother unconscious on the bathroom floor. The daughter also found a journal in her mother's handwriting which could have been construed as a suicide note.
 {¶ 3} Perrysburg Township police and emergency medical service units responded to the daughter's call to 911. By the time the responders arrived, however, appellant was beginning to regain consciousness and it appeared that her condition was the result of alcohol consumption.
 {¶ 4} Police and medical technicians spent some time with appellant, until she appeared coherent. They then advised appellant that, because of the possible suicide note, policy dictated that she be transported to a nearby hospital for observation. According to police, appellant appeared to understand this requirement and agreed to accompany the EMTs.
 {¶ 5} As appellant was being escorted from the home, according to police, she became agitated and offered some resistance. At this point, police handcuffed her. Shortly thereafter, as emergency personnel were putting appellant in the EMS vehicle, a late arriving Perrysburg Township policewoman came and, seeing a female apparently in custody, asked if she should "pat down" appellant. According to witnesses, appellant then kicked her foot twice; once making contact with the female officer's hand, the second time with a medical technician's hand. Neither required medical attention.
 {¶ 6} As a result of these kicks, police charged appellant with two counts of assaulting a police official/medical technician in violation of R.C. 2903.13(A),(C)(3), both fourth degree felonies. The matter was bound over to a grand jury which issued an indictment in conformity with the charge. A jury eventually found appellant guilty of both counts. The trial court sentenced her to a three year period of community control.
 {¶ 7} Appellant now appeals her conviction, setting forth the following two assignments of error:
 {¶ 8} "First assignment of error
 {¶ 9} "The verdict of the jury was not supported by sufficient probative evidence in that it could not have found all the essential elements of the offenses, as described in O.R.C. § 2903.13(A) were proved beyond a reasonable doubt.
 {¶ 10} "Second assignment of error
 {¶ 11} "The verdict of the jury was against the manifest weight of the evidence in that it was not proved beyond a reasonable doubt that appellant violated O.R.C. § 2903.13(A)."
 {¶ 12} Because of the severity of these charges relative to the conduct which comprised the offenses, we must note that charging determinations rest first within the discretion of police, followed by a review and an additional charging discretion of the prosecutor. Unlike judicial discretion, which is reversible on its abuse, charging discretion is beyond the purview of our review so long as complaints and indictments are based on the statutory elements of the offense.
 {¶ 13} In this matter, R.C. 2903.13(A) provides that, one who "* * * knowingly cause[s] or attempt[s] to cause physical harm to another * * *," is guilty of assault. R.C. 2903.13(C)(3) makes assault against a peace officer or one performing emergency medical services a fourth degree felony.
 {¶ 14} Appellant asserts that her conviction is not supported by the evidence and is against the manifest weight of the evidence.
 {¶ 15} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; Statev. Barns (1986), 25 Ohio St.3d 203.
 I. {¶ 16} Appellant argues in her first assignment of error that the evidence upon which she was convicted was insufficient to support a conviction and that the trial court's denial of her motion for acquittal at the conclusion of the state's case was erroneous. The standard for sufficiency of evidence and a Crim.R. 29 motion is materially the same. See State v. Wolfe (1988), 51 Ohio App.3d 215, 216.
 {¶ 17} Although there is some conflict among witnesses, the state here introduced several witnesses who testified that appellant kicked at and connected with a police officer and a medical technician. This testimony, if believed, would demonstrate that appellant knowingly attempted to cause harm to another. Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 18} Moreover, we have carefully reviewed the record in this matter and find no suggestion that the jury lost its way or that a manifest miscarriage of justice resulted. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.